## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES REILLY<br>1 Cranbury Hill Court<br>Mount Laurel, NJ 08054,<br><br>                  Plaintiff,<br><br>     vs.<br><br>VIVINT SOLAR<br>3301 N. Thanksgiving Way, Suite 500<br>Lehi, UT 84043,<br>               Defendant. | NO. 18-cv-12356-NLH-JS |

### AMENDED COMPLAINT

## I.   INTRODUCTION

1.      This is an action to remedy identity theft and forgery brought by a consumer pursuant to the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq* and state law.  The FCRA restricts access to consumer credit reports except for specific, statutorily enumerated purposes and prohibits obtaining credit reports upon false pretense.  15 U.S.C. §1681b, q.  Plaintiff also brings claims for civil forgery and for invasion of privacy.

2.      Defendant Vivint Solar engages in door-to-door sales for the installation of solar panels on the homes of New Jersey consumers.   Vivint, without notice or permission accessed Plaintiff's consumer reports under false pretenses, without any permissible purpose or authorization.  Vivint stole Plaintiff's identity and good name in order to qualify a stranger for credit simply for the purpose of making a sale.  Vivint then forged Plaintiff's name on a contract alleging to bind him to purchase solar energy for 20 years for a home he does not own, and even filed a lien against him in the Gloucester County clerk's office.

3.     Vivint Solar, as a part of its routine business practice, regularly forges documents, enrolls consumer into bogus contracts, and obtains consumer credit reports from consumers in New Jersey and elsewhere upon false pretenses, without authorization by the consumer, and without a permissible purpose.  Vivint Solar has been placed on notice of this illegal activity repeatedly but has refused to discontinue the practice.

## II.     JURISDICTION

4.     Jurisdiction arises under the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. §1337. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

## III.     PARTIES

5.     Plaintiff is James Reilly, a consumer who resides in Mount Laurel, NJ at the address captioned.

6.     Defendant Vivint Solar is a Delaware corporation with a principal office in Lehi, Utah as captioned.

## IV.     STATEMENT OF CLAIM

### *Vivint's Impermissible Credit Pull*

7.     On August 2, 2016, an inquiry was made to the credit bureaus for the credit reports of James Reilly by a company called Vivint Solar.

8.     Mr. Reilly did not consent to Vivint Solar obtaining his credit reports.

9.     Plaintiff never provided any authorization to have his credit reports pulled by Vivint Solar.

10.     At no point did Vivint Solar ask for permission from Reilly to have his credit reports pulled by Vivint Solar.

11.     Vivint forged Plaintiff's signature on a document and then treated the forged signature as Plaintiff's "consent" to obtain his credit reports.

12.     Vivint Solar surreptitiously and intentionally obtained Plaintiff's consumer reports from the consumer reporting agencies.

13.     Vivint Solar received and possessed Plaintiff's sensitive and private credit and personal data.

14.     Pursuant to 15 U.S.C. §1681b, a consumer report can be obtained only for the specific purposes stated thereunder, including for use in connection with a credit transaction that the consumer initiated, a firm credit offer, employment purposes, or a business transaction in which an individual has accepted personal liability for business credit.

15.     Vivint Solar never had a permissible purpose to obtain Plaintiff's credit report.

16.     Vivint Solar obtained Plaintiff's consumer report under false pretenses to the credit bureaus because Plaintiff never provided authorization for a credit pull, nor sought any extension of credit.

17.     Defendant knew or should have known that Plaintiff did not authorize any inquiry into his credit information at any time, nor initiated any credit transaction.

***Identity Theft and Fraud***

18.     Little did Mr. Reilly know that Vivint Solar stole his identity, credit, and good name in order to push through the sale of solar energy to another unsuspecting consumer.

19.     The illegal inquiry to Mr. Reilly's credit was made in relation to the attempted sale of solar energy to a consumer named Melissa Knight, residing at 1313 Mulberry Lane, Williamstown, NJ.

20.     Mr. Reilly was the former owner of 1313 Mulberry Lane – and sold it to the Knight family back in 2008.

21.     In order to qualify Ms. Knight for the solar system, Vivint Solar looked into the historical property records, found Mr. Reilly's name, and used his name in the credit application process without his approval, consent or knowledge.

22.     Vivint Solar's sales agent then forged Mr. Reilly's signature on a Vivint Solar "Power Purchase Agreement" – appearing to bind him to purchase energy from Vivint and lease solar panels from the company for 20 years – all for a house he does not even own.

23.     Vivint Solar then filed a UCC lien against Mr. Reilly in the Gloucester County Clerk's office, giving notice to the world that he owes a debt – a debt that he does not in fact owe.

24.     As a result of Vivint Solar's decision to file a UCC lien against him, Mr. Reilly was constrained to hire legal counsel to correct the record, incurring expense.

25.     Upon information and belief, Vivint also applied for permits and state solar credits by falsely and fraudulently certifying that Mr. Reilly was the owner of the 1313 Mulberry Lane premises, and forging his name.

26.     At all times, Vivint Solar concealed and hid from Mr. Reilly that it was forging and using his name, placing him in a contract, filing a lien against him, and reaping the benefits of permits and credit sought in his name.

***Vivint Solar's Pattern and Practice of Fraudulent and Illegal Conduct***

27.      Vivint Solar, as a pattern and practice, regularly obtains consumer reports on consumers without a permissible purpose and/or under false pretenses.

28.      Consumers across New Jersey and across the country have complained to Vivint Solar that Vivint's agents pulled their credit without consent or authorization.

29.      Consumers across New Jersey and across the country have complained to Vivint Solar that Vivint's agents obtained credit reports upon false pretenses, a federal crime.

30.      Vivint Solar, as a pattern and practice, regularly forges signatures on consumer contracts.

31.      Consumers across New Jersey and across the country have complained to Vivint Solar that Vivint's agents forged their signatures on consumer contracts.

32.      Vivint Solar, as a pattern and practice, regularly misappropriates the names and identities of unrelated parties, strangers, or unsuspecting neighbors and enrolls these people – like Mr. Reilly – in bogus consumer contracts for solar energy.

33.      Vivint Solar has routinely been placed on notice about its sales agents committing forgery, fraud, and impermissible credit pulls.

34.      Consumers across New Jersey and across the country have complained to Vivint Solar that unrelated names are on consumer contracts for solar energy.

35.      Some of these irate consumers have filed lawsuits.

36.      Some of these irate consumers have filed police reports.

37.      Some of these irate consumers have complained to state attorneys general.

38.      Some of these irate consumers have complained to the Better Business Bureau or similar repositories of consumer complaints.

39.     Vivint Solar keeps track of all these complaints.

40.     It is a corporate policy and culture at Vivint Solar to look the other way and dismiss these numerous complaints and to overtly or tacitly encourage their sales agents to hide important sales details from consumers, forge and falsify authorization documents, or obtain credit reports without permission.

41.     Despite ample notice of this problem, Vivint Solar continued to allow its salespeople to routinely invade the privacy of consumers and violate the law by forging documents and pulling credit reports without a permissible purpose.

***Invasion of Consumer Privacy***

42.     As a result of Defendant's willful, wanton, reckless, and/or negligent action, Plaintiff has been damaged.

43.     The consumer reports obtained by Vivint Solar included a trove of sensitive personal and private information about Plaintiff, such as his birthdate, credit history profile, pay histories, employer information and the like.

44.     Plaintiff's privacy has been invaded as a result of the willful, wanton, reckless and/or negligent conduct of Defendant.

45.     Plaintiff's identity had been stolen, misappropriated, and marred by a hard inquiry to his credit, a lien against his good name, and documents fraudulently filed with the government without his knowledge or consent.

46.     Plaintiff has lost trust, is suspicious, and has been constrained to purchase credit monitoring services to prevent unauthorized access to his sensitive credit information.

47.     Plaintiff has suffered mental and emotional distress, worry, and aggravation as a result of Defendant's actions.

## COUNT I
## FAIR CREDIT REPORTING ACT

48.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

49.     Defendant has violated the Fair Credit Reporting Act by willfully and/or negligently obtaining the Plaintiff's consumer credit reports without a statutorily permissible purpose. 15 U.S.C. § 1681b, 1681q, 1681n and §1681o.

**WHEREFORE**, Plaintiff James Reilly demands judgment against Defendant Vivint Solar for:

(a)     Actual and compensatory damages;

(b)     Punitive damages;

(c)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d)     An Order requiring return of Plaintiff's confidential consumer report and destruction of any copies;

(e)     Attorney's fees and costs; and

(f)     Such other and further relief as the Court shall deem just and proper.

## COUNT II
## IDENTITY THEFT/FORGERY

50.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

51.     Defendant Vivint Solar, with the purpose to defraud, or with knowledge that it was facilitating a fraud, forged and used Plaintiff's signature on the PPA without his authorization or consent, used Plaintiff's name on UCC lien forms submitted to the State of New Jersey, and

misrepresented to the State of New Jersey that he agreed to and signed the PPA attached to the UCC lien.

52.     The conduct of Defendant and/or its employees and/or servants and/or agents violated N.J.S.A. § 2C:21-17.4 (incorporating N.J.S.A. §§ 2C:21-1, 2C:21-17).

53.     As a result of Defendant's conduct, Plaintiff suffered ascertainable losses that included attorney fees incurred to correct the record as to the UCC lien, credit monitoring services purchased to ensure his credit privacy, and postage purchased to acquire his consumer credit report.

54.     As a result of Defendant's conduct, Plaintiff experienced emotional harm and distress, and other losses.

WHEREFORE, Plaintiff, James Reilly demands judgment against Defendant Vivint Solar for:

(a)     Damages, N.J.S.A. § 2C:21-17.4(a);

(b)     Treble damages, N.J.S.A. § 2C:21-17.4(a);

(c)     Such other and further relief as the Court shall deem just and proper, N.J.S.A. § 2C:21-17.4(a).

## COUNT III
## INVASION OF PRIVACY

55.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

56.     Defendant intentionally invaded and intruded upon Plaintiff's privacy, solitude, and seclusion by appropriating his identity and filing false documents in his name.

57.     Defendant placed Plaintiff in a false light by filing in the public record (and therefore publicizing) a lien against his good name based upon the forged PPA, despite having no basis to do so.

58.     Defendant knew or acted in reckless disregard of the falsity of the truth or falsity of the publicized matter and the false light it would place upon Plaintiff.  Defendant's conduct was offensive and outrageous.

59.     Plaintiff or his counsel had no knowledge of Defendant's above-described misconduct, and no reason to suspect Defendant's misconduct, until, at the very earliest, June 2018.

60.     As a result of Vivint Solar's actions, Plaintiff has been damaged, causing him an ascertainable loss of money or property, as well as emotional harm, distress, and other losses.

61.     This Count is not based on the impermissible credit pull, but rather premised on the wrongful lien filing.

**WHEREFORE**, Plaintiff, James Reilly demands judgment against Defendant Vivint Solar for:

(a)     Damages;

(b)     Punitive damages;

(c)     Such other and further relief as the Court shall deem just and proper.

## V.   <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date:  May 29, 2019

*/s/ Andrew M. Milz*
CARY L. FLITTER
ANDREW M. MILZ
JODY T. LOPEZ-JACOBS
Attorneys for Plaintiff

FLITTER MILZ, P.C.
1814 E. Rt. 70, Suite 350
Marlton, NJ 08003
(856) 396-0600